```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                  :
                                           :
            v.                             :      MEMORANDUM & ORDER
                                           :      18-CR-337-5 (WFK)
JOSEPH MARATEA,                            :
                                           :
                        Defendant.         :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** On March 18, 2019, Joseph Maratea ("Defendant") pled guilty to Count One of the Superseding Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to time served, two (2) years of supervised release with special conditions, a $2,000.00 fine, and a $100 mandatory special assessment.

## BACKGROUND

On August 1, 2018, the Government filed a 34-count Superseding Indictment. Superseding Indictment, ECF No. 48. On March 18, 2019, Defendant pled guilty to Count One of the Superseding Indictment, charging Defendant with racketeering, in violation of Title 18, United States Code, Section 1962(c), pursuant to a plea agreement. ECF Nos. 147, 148.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for

the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C. § 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form."  *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)."  *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.).  Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant.  The Court addresses each in turn.

## II.     Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

Defendant was born on May 3, 1976 in Brooklyn, New York, to the marital union of Joseph Maratea, who is deceased, and Liian Caputo.  Presentence Investigation Report ("PSR") ¶ 174, ECF No. 176.  Defendant's mother resides in Staten Island, New York, is a retired real estate manager, and suffers from heart disease and high blood pressure.  *Id.*  Defendant has one surviving sibling, Rose Mary Sciama, who is in good health, works as a healthcare aide, and resides in Nazareth, Pennsylvania with her husband and two children.  *Id.* ¶ 175.  Defendant's brother, Anthony Maratea, passed away in 2000.  *Id.* ¶ 176.  Defendant had a childhood free from abuse.  *Id.* ¶ 177.  His mother and sister are aware of his current conviction and remain supportive.  *Id.* ¶¶ 174–75.

From birth until about 1997, Defendant resided in Brooklyn, first with his parents and then independently. *Id.* ¶ 180. Thereafter he resided with his wife in Brooklyn or Staten Island and has resided at the current case address in Staten Island since 2013. *Id.*

Defendant married Donna Cosentino in 1996 in Westbury, New York. *Id.* ¶ 178. Together, Defendant and his wife have three children ages 14, 18, and 21, who reside with their parents, are in school, and are in good health. *Id.*; Def.'s Sentencing Mem. ("Def. Mem") at 3–4, ECF No. 211. Defendant's wife is employed as a nurse practitioner and supplements her income with rental income from a property in Brooklyn and T-Mobile cell tower fees. PSR ¶¶ 178–79. She can financially support herself and their children if Defendant is incarcerated. *Id.* ¶ 179.

In her letter, Defendant's wife stresses the negative impact Defendant's absence has had on their children. Def. Mem. at 11–12. Defendant's eldest child says "[t]he last two years have been a living nightmare for our family." *Id.* at 13. Defendant's middle child explains his father "knows that he has no one to blame but himself for his absence from our lives the past two years – but that has only made his resolve to return to us even stronger." *Id.* at 15.

Defendant has remained in custody since his arrest on July 11, 2018. PSR ¶ 190. According the Bureau of Prisons' SENTRY system, Defendant has no disciplinary history, works in the food service, and is described as an asset to the kitchen. *Id.* ¶ 181. He has a positive attitude that rubs off on others around him and volunteers to help in the kitchen on his days off taking pride in getting the job done the right way. *Id.*; Def. Mem. at 18.

Defendant suffers from high cholesterol and is in good mental and emotional health. PSR ¶¶ 183–84. Defendant has a history of substance abuse. *Id.* ¶ 185. From 1996–2005 he was drug free. *Id.* In 2005, after a tooth extraction, he relapsed abusing Vicodin and opiates. *Id.*

From 2008 until is instant offense, Defendant self-medicated and ingested Suboxone daily.  *Id.* ¶¶ 185–86.

Economy Fuel Oil, Inc. in Brooklyn has extended a job offer to Defendant to work as a heating, ventilation, and air conditioning mechanic for when he is released from custody for the instant offense.  *Id.* ¶ 191.  The president of the company has known Defendant for many years and describes him as a hard and dedicated worker.  *Id.*; Def. Mem. at 25.

Defendant is an associate of the Colombo crime family of La Cosa Nostra, an organized crime group operating in the Eastern District of New York and elsewhere.  PSR ¶¶ 6, 18.  Between December 2017 and June 2018, Defendant and his co-defendant operated a loansharking business, through which he extended loans at exorbitant rates of interest under the threat of bodily harm if debtors did not make timely payments.  *Id.* ¶¶ 57, 61–62.  Specifically, Defendant charged $15 in weekly interest payments on every $500 extended, amounting to 156% annual interest.  *Id.* ¶ 26, 57.  Defendant repeatedly called debtors who had missed payments, conducted surveillance outside their home, and expressed a willingness to engage in violence to further the business.  *Id.* ¶¶ 28–42.  Regarding a debtor, whose house he planned on visiting, Defendant stated, "I'll be right in front of his house" and "I'm a catch him.  I'm a do his wife a favor, he won't be able to do any drugs after this."  *Id.* ¶ 38.

Defendant was arraigned on the complaint on July 11, 2018.  ECF No. 23.  Defendant was arraigned on the Superseding Indictment on August 7, 2018.  ECF No. 50.  On March 18, 2019, Defendant pled guilty to Count One of the Superseding Indictment, Racketeering in violation of 18 U.S.C. § 1962.  Plea Agreement, ECF No. 148.  Defendant has been in custody since his arrest on July 11, 2018.  PSR ¶ 190.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Superseding Indictment charging him with Racketeering in violation of 18 U.S.C. § 1962. Within Count One, Defendant admitted to his participation in the extortionate collection of credit from the individual identified in the Superseding Indictment as John Doe #8 (as alleged in Racketeering Act 12D) and the extortionate collection of credit from the individual identified in the Superseding Indictment as John Doe #9 (as alleged in Racketeering Act 13D). Plea Agreement ¶ 1; PSR ¶ 1.

By statute, Defendant faces a maximum term of imprisonment of twenty years and a maximum term of supervised release of three years. 18 U.S.C. §§ 1963(a), 3583(b)(2). Defendant also faces a maximum fine of $250,000.00, *id.* § 3571(b), or twice the gross gain or twice the gross loss of the enterprise, *id.* § 1963(a), and a mandatory special assessment of

5

$100.00, *id.* § 3013.  Defendant may be sentenced to a term of probation of not less than one year nor more than five years.  *Id.* § 3561(c)(1).  One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.  *Id.* § 3563(a)(2).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]"  *Id.* § 3553(a)(4)(A).

For a violation of 18 U.S.C. § 1962(c), the applicable Guideline is USSG § 2E1.1(a), which states the underlying racketeering activity determines the base offense level.  United States Sentencing Commission, Guidelines Manual ("USSG") § 2E1.1.  The commentary to Guideline § 2E1.1 states, "[w]here there is more than one underlying offense, treat each underlying offense as if contained in a separate count of conviction for the purpose of subsection (a)(2)."  Application Note 1.  The Government advised it can prove by a preponderance of the evidence the extortionate collection of credit conduct in Racketeering Acts 4, 14, 15, 16, 19, and 21 charged in Count 1 of the Superseding Indictment.  PSR ¶ 3.  Per *United States v. Ruggiero*, all racketeering activity in furtherance of the racketeering enterprise, charged and uncharged, must be taken into consideration for Guidelines purposes, as it is considered relevant conduct to the racketeering charges.  100 F.3d 284, 290–91 (2d Cir. 1996).

Under the Guidelines, Count 1 Racketeering Acts 4 and 14 are grouped together per USSG § 3D1.2(b) and cannot be grouped with any other racketeering acts.  All parties agree, the applicable Guideline for extortionate collection of credit conspiracy and extortionate collection of credit, for Acts 4 and 14 is USSG § 2E2.1(a) which provides a base offense level of 20.

Because Defendant was a minor participant in the instant offense, the offense level is decreased by two (2) levels per USSG § 3B1.2(b) resulting in an adjusted offense level (subtotal) of 18.

The Count 1 Racketeering Acts 19 and 21 are also grouped together per USSG § D1.2(b) and cannot be grouped with any other racketeering acts, per USSG § 3D1.2.  All parties agree, the applicable Guideline for illegal gambling, for Acts 19 and 21 is USSG § 2E3.1, which provides a base offense level of 12.  Because Defendant was a minor participant in the instant offense, the offense level is decreased by two (2) levels per USSG § 3B1.2(b) resulting in an adjusted offense level (subtotal) of 10.

Count 1, Racketeering Acts 12D, 13D, 15, and 16 cannot be grouped with any other acts per the grouping guidelines of USSG § 3D1.2.  All parties agree, the applicable Guideline for extortionate collection of credit conspiracy and extortionate collection of credit, for Acts 12D, 13D, 15, and 16 is USSG § 2E2.1(a), which provides a base offense level of 20.  Because Defendant was a minor participant in the instant offense, the offense level is decreased by two (2) levels per USSG § 3B1.2(b) resulting in an adjusted offense level (subtotal) of 18.

The greatest of the adjusted offense levels under the multiple racketeering act analysis is eighteen (18).  USSG § 3D1.4.  All parties agree pursuant to USSG § 3D1.4(a), (b) and (c), because there were multiple acts of racketeering and the number of units assigned to the racketeering offense is more than five, the offense level is increased by five levels (5).  USSG § 3D1.4.  The resulting Combined Adjusted Offense Level is twenty-three (23).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels (2).  *Id.* § 3E1.1(a).  Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one (1) additional level.  *Id.* § 3E1.1(b).  The Government and

Defendant further decrease Defendant's offense level by one (1) applying the global plea reduction noted in the plea agreement. Government Sentencing Memorandum ("Gov't Mem.") at 8, ECF No. 210; Def. Mem. at 1. This results in a total offense level of 19. Gov't Mem at 8; Def. Mem. at 1.

A total offense level of 19 and a criminal history category of one (I) yields a Guidelines term of imprisonment range of 30 to 37 months. USSG Ch. 5, Part A. The Guidelines further recommend a maximum term of supervised release between one and three years, *id.* § 5D1.2(a)(2), and a fine of between $10,000.00 and $100,000.00, *id.* § 5E1.2(a). The Guidelines advise Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommends a sentence of 30 months in custody, a $2,000.00 fine, and 2 years supervised release. *See* U.S. Probation Dep't Sentence Recommendation at 1, ECF No. 176-1. In its sentencing memorandum, the Government recommended a sentence within the Guidelines range of 30 to 37 months with a fine of $10,000.00 to $100,000.00. Gov't Mem. at 9–10. However, at the sentencing hearing conducted via teleconference, the Government stated it does not object to a sentence of time served. Defense counsel requests a sentence of time served. Def. Mem. at 1; Def.'s Letter., ECF No. 213.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution shall be ordered in this case. 18 U.S.C. § 3663. However, the Government has not yet provided the losses the victims may have suffered. PSR ¶ 55. At an appropriate time, the Court will resolve the outstanding restitution requirement.

### CONCLUSION

A sentence of time served, two (2) years of supervised release with special conditions, a $2,000.00 fine, and a $100 mandatory special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/ WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 15, 2020
      Brooklyn, New York